## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

April 19, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Harry G. Jarrell,**
**Petitioner Below, Petitioner**

**vs.)   No. 12-0415** (Raleigh County 11-C-211)

**Marvin Plumley, Warden, Huttonsville Correctional Center,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner Harry G. Jarrell, *pro se*, appeals the order of the Circuit Court of Raleigh County, entered March 13, 2012, summarily denying his petition for a writ of habeas corpus. The respondent warden,[1] by Scott E. Johnson, his attorney, filed a response to which petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner owned a 12-gauge shotgun he intended to give to his daughter when she became old enough to shoot. However, when petitioner's daughter grew up, she joined the Army and the gun remained in storage.

In 1982, petitioner was convicted of unarmed robbery. In 1991, petitioner was convicted of second degree murder. As a felon, it has been illegal (as a misdemeanor) for petitioner to possess a firearm since 1989. In 2000, the statute, West Virginia Code § 61-7-7, was amended to add the offense of felony possession of a firearm, effective June 8, 2000.

---

[1] Pursuant to Rule 41(c) of the West Virginia Revised Rules of Appellate Procedure, the name of the current public officer has been substituted as the respondent in this action.

1

In October of 2000, petitioner's wife got into a dispute with his father. Petitioner's father announced that he wanted all of petitioner's belongings out of his house. According to petitioner, his father took the gun and placed it in his wife's car. Petitioner and his wife recognized the need to get rid of the gun as neither were allowed to have it.[2] Petitioner pawned the gun on October 11, 2000.

Petitioner was indicted on one count of felony possession of a firearm. A jury convicted petitioner of the charge on November 7, 2001. The State then filed a recidivist information under West Virginia Code §§ 61-11-18 *et seq.*. The same jury identified petitioner as being the same person twice previously convicted of felonies. Petitioner was sentenced to two years for possession, plus a recidivist life sentence, to run consecutively. Petitioner's direct appeal was refused on March 27, 2003.

Petitioner filed a petition for a writ of habeas corpus arguing that it was improper for the circuit court to have imposed the recidivist sentence after he had already begun serving the two years for possession. The circuit court granted relief by vacating the two year sentence for possession but leaving in place the recidivist life sentence. Neither party appealed.

Petitioner has filed subsequent petitions. In 2004, the circuit court summarily denied all asserted grounds but one, for which it appointed habeas counsel.[3] The circuit court subsequently denied relief on the remaining issue.[4] When petitioner appealed, this Court refused his petition.

Petitioner filed the instant petition—his fourth—in 2011, alleging that habeas counsel was ineffective in not raising the issue of whether the application of the 2000 amendment of West Virginia Code § 61-7-7 violated the *Ex Post Facto* Clause of the United States and West Virginia Constitutions. The circuit court summarily denied the petition in an order entered March 13, 2012. The circuit court ruled, in pertinent part, as follows:

> 6. Nothing in the instant Petition indicates that counsel failed to meet the *Strickland* test[5] or was otherwise deficient as it

---

[2] The record is not clear why petitioner's wife was not allowed to have a firearm.

[3] Because petitioner was appointed counsel, this petition would be considered petitioner's habeas corpus omnibus proceeding. *See Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

[4] The issue was whether West Virginia Code § 61-7-7 is unconstitutionally vague in that it does not provide how a convicted felon may lawfully divest himself of a firearm.

[5] "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

relates to West Virginia Code § 61-7-7, the statute regarding possession of firearms by convicted felons. The Petitioner provides no specific factual support as to any errors allegedly committed by his habeas counsel, and offers only a "mere recitation" of the ineffective assistance of counsel ground with no discussion of counsel's performance, as required by *Losh*.

7. The Petitioner's claim that convictions occurring prior to the 1989 enactment and 2000 amendment of the statute could not be used to convict him as a felon in possession of a firearm is without merit. Prior versions of West Virginia Code § 61-7-7 had no effect on Petitioner's conviction under the statute in 2001, when the Petitioner unquestionably had been convicted of two prior felonies and illegally possessed a firearm. The Petitioner was therefore properly convicted of the third felony pursuant to the statute as it was in effect at that time. In light of this conclusion, any arguments relating to the quality of the crimes or prior restoration of Petitioner's rights are of no import.

We review a circuit court's order summarily denying a habeas petition under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

On appeal, petitioner concedes that the respondent warden's argument that there has been no *ex post facto* violation would be correct except that "this is not a normal case." Petitioner asserts that when he was released on parole in 1998, he was told that being a felon in possession of a firearm was only a misdemeanor[6] and, therefore, he was entitled to particularized notice of the legislature's enactment in 2000 of the felony offense. *See Lambert v. California*, 355 U.S. 225 (1957) (holding, under due process grounds, that a requirement that felons register with the chief of police if they remain in Los Angeles for more than five days was unconstitutional as applied

---

[6] At trial, petitioner's parole officer testified that she informed him in 1998 that he was not allowed to have a firearm. In the trial excerpt petitioner included in the record on appeal, the parole officer was not asked whether she informed petitioner of the offense's classification.

when the felon was not on notice that she was to register). The respondent warden distinguishes *Lambert* on the ground that it applies to only registration offenses, citing, inter alia, *United States v. Shelton*, 325 F.3d 553, 564 (5th Cir.) (holding *Lambert* inapplicable because "[p]ossession of a firearm is active, not passive, conduct."), *cert denied.*, 540 U.S. 916 (2003). After careful consideration of the parties' arguments, this Court finds that *Lambert* is distinguishable from petitioner's case. The Court concludes that the circuit court did not abuse its discretion in summarily denying the petition.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Raleigh County and affirm its order, entered March 13, 2012, summarily denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:**   April 19, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4